IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TYREEM FOSQUE** <br> 2015 Trenton Place SE <br> Washington, DC 20020 <br><br> *PLAINTIFF*, <br> v. <br><br> **DISTRICT OF COLUMBIA** <br> **HOUSING AUTHORITY** <br> 300 7th Street SW, 10th Floor <br> Washington, D.C. 20024 <br><br> **DISTRICT OF COLUMBIA HOUSING** <br> **AUTHORITY POLICE DEPARTMENT** <br> 2011 Walt Lincoln Way, N.E. <br> Washington, DC 20002 <br><br> *DEFENDANTS*. | Civil Case No.:_____ <br><br> JURY TRIAL PRAYED |

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND PRAYER FOR JURY TRIAL**

COMES NOW Plaintiff, TYREEM FOSQUE ("hereinafter Mr. Fosque"), by and through his attorneys, Fah Law Group, P.C., and Joseph M. Fah, Esq., hereby sues and demands judgment against Defendants, DISTRICT OF COLUMBIA HOUSING AUTHORITY (hereinafter "DCHA") and the DISTRICT OF COLUMBIA HOUSING AUTHORITY POLICE DEPARTMENT ("DCHAPD"), and as grounds therefore states as follows:

**PARTIES**

1. Plaintiff Tyreem Fosque is a resident of Washington, DC.

2. Defendant District of Columbia Housing Authority ("DCHA") is a government agency formed under the laws of the District of Columbia with a principal place of business in the District of Columbia.

3. Defendant District of Columbia Housing Authority Police Department ("DCHAPD") is a division of DCHA formed under the laws of the District of Columbia with a principal place of business in the District of Columbia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. On, November 14, 2024, Mr. Fosque timely filed a complaint for racial discrimination with the Equal Employment Opportunity Commission ("EEOC"), charge No.: 570-2021-02258.

5. On July 2, 2025, Mr. Fosque received Notice of Right to Sue from the EEOC.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 USCS § 1331, as this case arises under federal law, specifically Title VII of the Civil Rights Act of 1964, which prohibits employment discrimination based on sex. Additionally, this Court has jurisdiction pursuant to 28 USCS § 1343, as this is a civil action to secure equitable and other relief under an Act of Congress providing for the protection of civil rights. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 USCS § 1367.

7. This Court has personal jurisdiction over Defendant DCHA because it is a government agency formed under the laws of the District of Columbia with its principal place of business in the District of Columbia.

8. This Court has personal jurisdiction over Defendant DCHAPD because it is a division of DCHA formed under the laws of the District of Columbia with its principal place of business in the District of Columbia.

8. Venue is proper in the United States District Court for the District of Columbia pursuant to 42 USCS § 2000e-5 and 28 USCS § 1391, as the unlawful employment practices alleged herein were committed in the District of Columbia, the employment records relevant to such practices are maintained and administered in the District of Columbia, and both defendants have their principal offices in the District of Columbia.

## STATEMENT OF FACTS

9. Plaintiff Tyreem Fosque is a gay man.

10. Plaintiff began employment as a Special Police Officer with DCHAPD on or around November 22, 2021.

11. Throughout his employment, Plaintiff performed his duties excellently, without any performance issues or complaints.

12. Plaintiff's sexual orientation as a gay man was common knowledge throughout DCHAPD.

13. On January 14, 2024, Officer Don Williams reported to DCHA Sergeant Michael Jamieson that Plaintiff had allegedly sexually assaulted him at work.

14. Williams claimed he could not remember the exact date of the alleged assault but said it happened "several weeks prior," "during the holidays," or "two weeks prior" to January 14, 2024.

15. Plaintiff categorically denies ever assaulting, harassing, or even touching Williams.

16. Williams continued to act friendly toward Plaintiff after the alleged incident, including texting Plaintiff "Merry Christmas" on December 25, 2023, "Happy New Year" on January 1, 2024, and wishing Plaintiff a happy birthday on January 9, 2024.

17. On January 19, 2024, DCHAPD placed Plaintiff on administrative leave with pay.

18. On January 30, 2024, DCHAPD changed Plaintiff's status to suspension without pay pending an investigation by the Metropolitan Police Department ("MPD").

19. In late February 2024, MPD determined there was insufficient evidence to meet the elements of a sexual abuse offense and closed its investigation.

20. On February 29, 2024, DCHAPD returned Plaintiff to administrative leave with pay status.

21. On April 29, 2024, Plaintiff received a Proposed Notice of Termination from DCHAPD Deputy Chief of Police Steven Spencer.

22. The Proposed Notice of Termination was based largely on statements from Officer Kenneth Matthew, who claimed Plaintiff had admitted to the assault.

23. Plaintiff denies ever making such admissions to Matthew or anyone else.

24. On May 8, 2024, Plaintiff appealed his proposed termination via email to DCHAPD Chief Michael Reese, denying Matthew's claims and offering evidence of friendly communications with both Williams and Matthew after the alleged incident.

25. On May 9, 2024, DCHAPD returned Williams to full-time work.

26. On May 13, 2024, Matthew texted Plaintiff stating he had recordings of Williams admitting he "made the whole thing up."

27. On July 31, 2024, DCHAPD terminated Plaintiff, falsely claiming they never received his appeal.

28. In contrast to Plaintiff's treatment, heterosexual male DCHAPD officers, including Darnell Douglass and Harold Yeager, faced multiple well-supported complaints of sexual harassment and assault but were not terminated.

29. Deputy Chief Spencer, who signed Plaintiff's termination notice, was aware of these other complaints against heterosexual officers.

30. On November 14, 2024, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based on sex and sexual orientation in violation of Title VII and the DC Human Rights Act.

31. DCHA has over 500 employees, and DCHAPD has approximately 151 employees.

## CLAIMS FOR RELIEF

### Count I - Sex Discrimination in Violation of <u>42 USCS § 2000e-2</u>

### (against all defendants)

32. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 31 as if fully set forth herein.

33. Plaintiff is a member of a protected class based on his sex.

34. Plaintiff is a gay man, which places him in a protected class based on sex under Title VII as interpreted by the Supreme Court.

35. Defendants took adverse employment actions against Plaintiff.

36. Defendants placed Plaintiff on leave without pay from January 30, 2024, to February 29, 2024, and ultimately terminated his employment on July 31, 2024.

37. The adverse employment actions were taken because of Plaintiff's sex.

38. Defendants treated Plaintiff differently than similarly situated heterosexual employees. Specifically, heterosexual officers Darnell Douglass and Harold Yeager faced multiple well-

supported complaints of sexual harassment and assault but were not terminated, while Plaintiff was terminated based on allegations that MPD found insufficient to pursue.

39. Deputy Chief Spencer, who signed Plaintiff's termination notice, was aware of the complaints against the heterosexual officers but chose not to terminate them, while terminating Plaintiff based on uncorroborated allegations.

40. Defendants returned Plaintiff's accuser to work on May 9, 2024, while keeping Plaintiff on leave and ultimately terminating him.

41. Defendants claimed not to have received Plaintiff's appeal of his proposed termination despite evidence to the contrary.

**Count II - Sexual Orientation Discrimination in Violation of <u>D.C. Code § 2-1402.11</u>**

**(against all defendants)**

42. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 41 as if fully set forth herein.

43. Plaintiff is a member of a protected class based on his sexual orientation.

44. Plaintiff is a gay man, which places him in a protected class based on sexual orientation under the DC Human Rights Act.

45. Defendants took adverse employment actions against Plaintiff.

46. Defendants placed Plaintiff on leave without pay from January 30, 2024, to February 29, 2024, and ultimately terminated his employment on July 31, 2024.

47. The adverse employment actions were taken because of Plaintiff's sexual orientation.

48. Defendants treated Plaintiff differently than similarly situated heterosexual employees. Specifically, heterosexual officers Darnell Douglass and Harold Yeager faced multiple well-

supported complaints of sexual harassment and assault but were not terminated, while Plaintiff was terminated based on allegations that MPD found insufficient to pursue.

49. Deputy Chief Spencer, who signed Plaintiff's termination notice, was aware of the complaints against the heterosexual officers but chose not to terminate them, while terminating Plaintiff based on uncorroborated allegations.

50. Defendants returned Plaintiff's accuser to work on May 9, 2024, while keeping Plaintiff on leave and ultimately terminating him.

51. Defendants claimed not to have received Plaintiff's appeal of his proposed termination despite evidence to the contrary.

**Count III - Hostile Work Environment Based on Sex in Violation of 42 USCS § 2000e-2**

**(against all defendants)**

52. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 51 as if fully set forth herein.

53. Plaintiff is a member of a protected class based on his sex.

54. Plaintiff is a gay man, which places him in a protected class based on sex under Title VII as interpreted by the Supreme Court.

55. Plaintiff was subjected to unwelcome harassment.

56. Plaintiff was subjected to an investigation based on false allegations, placed on unpaid leave, and ultimately terminated based on these false allegations.

57. The harassment was based on Plaintiff's sex.

58. Defendants treated Plaintiff differently than similarly situated heterosexual employees who faced similar or worse allegations, demonstrating that the harassment was based on Plaintiff's sex.

59. The harassment was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive work environment.
60. The harassment resulted in Plaintiff being placed on unpaid leave for a month, kept on administrative leave for several more months, and ultimately terminated from his employment.
61. There is a basis for employer liability.
62. The harassment was perpetrated by supervisory employees with authority over Plaintiff's employment, including Deputy Chief Steven Spencer who signed Plaintiff's termination notice.

**Count IV - Hostile Work Environment Based on Sexual Orientation in Violation of <u>D.C. Code § 2-1402.11</u>**

**(against all defendants)**

63. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 62 as if fully set forth herein.
64. Plaintiff is a member of a protected class based on his sexual orientation.
65. Plaintiff is a gay man, which places him in a protected class based on sexual orientation under the DC Human Rights Act.
66. Plaintiff was subjected to unwelcome harassment.
67. Plaintiff was subjected to an investigation based on false allegations, placed on unpaid leave, and ultimately terminated based on these false allegations.
68. The harassment was based on Plaintiff's sexual orientation.
69. Defendants treated Plaintiff differently than similarly situated heterosexual employees who faced similar or worse allegations, demonstrating that the harassment was based on Plaintiff's sexual orientation.

70. The harassment was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive work environment.

71. The harassment resulted in Plaintiff being placed on unpaid leave for a month, kept on administrative leave for several more months, and ultimately terminated from his employment.

72. There is a basis for employer liability.

73. The harassment was perpetrated by supervisory employees with authority over Plaintiff's employment, including Deputy Chief Steven Spencer who signed Plaintiff's termination notice.

## Count V - Retaliation in Violation of 42 USCS § 2000e-2

**(against all defendants)**

74. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 73 as if fully set forth herein.

75. Plaintiff engaged in protected activity.

76. Plaintiff appealed his proposed termination on May 8, 2024, asserting that the allegations against him were false and motivated by discrimination.

77. Plaintiff suffered an adverse employment action.

78. Defendants terminated Plaintiff on July 31, 2024, claiming they never received his appeal despite evidence to the contrary.

79. There is a causal connection between the protected activity and the adverse action.

80. Defendants terminated Plaintiff shortly after his appeal and falsely claimed they never received it, suggesting they were retaliating against him for challenging their discriminatory actions.

## Count VI - Retaliation in Violation of D.C. Code § 2-1402.61

**(against all defendants)**

81. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 80 as if fully set forth herein.

82. Plaintiff engaged in protected activity.

83. Plaintiff appealed his proposed termination on May 8, 2024, asserting that the allegations against him were false and motivated by discrimination.

84. Plaintiff suffered an adverse employment action.

85. Defendants terminated Plaintiff on July 31, 2024, claiming they never received his appeal despite evidence to the contrary.

86. There is a causal connection between the protected activity and the adverse action.

87. Defendants terminated Plaintiff shortly after his appeal and falsely claimed they never received it, suggesting they were retaliating against him for challenging their discriminatory actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and grant the following relief:

1. A declaratory judgment that Defendants' actions violated Title VII of the Civil Rights Act of 1964 and the DC Human Rights Act;

2. An injunction ordering Defendants to reinstate Plaintiff to his former position with all benefits and seniority;

3. Compensatory damages for lost wages and benefits during the period of unpaid leave (January 30, 2024, to February 29, 2024) and from the date of termination (July 31, 2024) to the date of judgment;

4. Compensatory damages for emotional distress, humiliation, and mental anguish;

5. Punitive damages for Defendants' willful and malicious conduct;

6. Attorney's fees and costs pursuant to D.C. Code § 2-1403.16;

7. Pre-judgment and post-judgment interest; and

8. Such other relief as the Court deems just and proper.

Respectfully submitted,

**FAH LAW GROUP, P.C.**

/s/ Joseph M. Nde Fah

_____
Joseph M. Nde Fah, Esq.
(Bar No.: MD0009)
8757 Georgia Avenue, Suite 440
Silver Spring, MD 20910
T: (301) 585 3314
F: (301) 585 0854
jfah@fahlawgroup.com

***Attorney for Tyreem Fosque***

**JURY TRIAL DEMAND**

Mr. Fosque hereby requests a jury trial on all questions of facts raised by her complaint.

Date: September 29, 2025

        Respectfully submitted,

        **FAH LAW GROUP, P.C.**

        /s/ Joseph M. Nde Fah
        _____

        Joseph M. Nde Fah, Esq.
        (Bar No.: MD0009)
        8757 Georgia Avenue, Suite 440
        Silver Spring, MD 20910
        T: (301) 585 3314
        F: (301) 585 0854
        jfah@fahlawgroup.com

        ***Attorney for Tyreem Fosque***